NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARMUKIT SINGH, AKA Singh Sarmukit, AKA Sarmukh Sing, AKA Sarmuh Singh, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72224 <br><br> Agency No. A205-939-898 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[**] District Judge.

Sarmukh Singh petitions for review of the decision of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") adverse

credibility determination and denial of asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

under the Convention Against Torture ("CAT").  Singh also challenges the BIA's refusal to grant him a continuance to present rebuttal evidence.  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the BIA's "factual findings, including adverse credibility determinations, for substantial evidence."  *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).  The BIA's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We review the denial of a continuance for abuse of discretion, and such denial "will not be overturned except on a showing of clear abuse." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam)).

The IJ's and BIA's adverse credibility determination is supported by substantial evidence, as at least two of their reasons are supported by the record and together those reasons are enough to support the adverse credibility determination.  First, the IJ and BIA found that Singh's statements about the Punjab police's vigorous efforts to locate him only *after* he had left India were implausible given that the Punjab police had shown absolutely no interest in Singh while he was in India.  This finding is supported by the record.  And it was proper for the IJ and BIA to give the implausible statements great weight in assessing Singh's credibility because they are central to his claims.  *See Shrestha v. Holder*,

590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Second, the IJ and BIA found that the timing of the second alleged police inquiry was suspicious, undermining Singh's credibility. Singh provided details about only two alleged police inquiries, one in 2014 and one in 2017 (just days before his merits hearing before the IJ). Because the second alleged police inquiry bolstered Singh's claims shortly after political events in India had just weakened his claims, it was reasonable for the IJ and BIA to conclude that its timing was suspicious, undercutting Singh's credibility.

Singh argues that the IJ and BIA erred in denying him asylum and withholding of removal because they improperly determined he was not credible and improperly discounted his corroborating evidence, including affidavits from his family members and friends. Singh's argument fails because, as discussed above, the IJ's and BIA's adverse credibility determination was proper. We also hold that the IJ's and BIA's decision to discount the corroborating evidence was proper because much of the corroborating evidence specific to Singh simply repeated his discredited testimony and none of the authors were available for cross-examination. *See Garcia*, 749 F.3d at 791 (concluding that the agency reasonably discounted corroborating documents based on the lack of independent verification and cross-examination).

As to his claim for CAT relief, Singh argues that the BIA erred because it provided no reason for denying relief beyond the adverse credibility determination and disregarded his non-discredited evidence. We are not persuaded. The BIA provided reasons for the denial, as it stated that the evidence did not show past torture or the requisite government involvement. Singh's CAT claim was based on the same underlying testimony that the IJ and BIA found not credible. *See Shrestha*, 590 F.3d at 1048–49. And nothing suggests that the BIA ignored Singh's non-discredited evidence. Rather, the BIA's decision shows the opposite. In analyzing the CAT claim, the BIA stated that Singh failed to "*adduce persuasive evidence—either testimonial or documentary*—to establish that any public official in India would be likely to inflict torture upon him or to consent or acquiesce in its infliction by others." (emphasis added). The emphasized language implies that the BIA considered all the evidence. *Cf. Garcia*, 749 F.3d at 792 ("To say that there is 'no evidence in the record' clearly implies that the BIA has looked at all of the evidence in the record.").

Finally, Singh challenges the BIA's denial of his motion for a continuance. A motion for a continuance may be granted for "good cause shown." 8 C.F.R. § 1003.29. The BIA found that Singh failed to show "good cause" because, among other things, he showed no prejudice by the denial. That conclusion was reasonable because Singh presented no rebuttal evidence he would have introduced

4

had he been granted a continuance, and he did not explain how any rebuttal evidence would have changed the outcome of his proceedings. Thus, Singh fails to show that the BIA abused its discretion.

**PETITION DENIED.**